UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, ) | Case No.: 10-CV-00168-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| v. ) | DENYING IN PART PLAINTIFF'S |
| ) | MOTION TO STRIKE |
| DUY TRONG NGUYEN, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff G & G Closed Circuit Events, LLC, moves to strike Defendants' affirmative defenses. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considered the parties' submissions and the relevant law, the Court grants the motion in part and denies it in part. The hearing on the motion to strike is vacated; however, the Case Management Conference set for September 28, 2010, will be held as scheduled.

**I. Background**

Plaintiff G & G owns exclusive commercial distribution rights to *Affliction: "Day of Reckoning": Featuring Fedor Emelianenko v. Andrew Arlovski* (the "Program"). Compl. ¶ 11. On January 13, 2010, Plaintiff filed this action against Defendants Duy Trong Nguyen and Au Thi Le,

1

alleging that Defendants unlawfully intercepted or displayed the Program at their commercial establishment. Compl. ¶ 14. The Complaint alleges violations of the Communications Act of 1934, 47 U.S.C. § 605, the Cable & Television Protection and Competition Act of 1992, 47 U.S.C. § 553, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 et seq., as well as conversion. On June 1, 2010, Defendants filed an Answer setting forth thirty-one affirmative defenses. Plaintiff now moves to strike all of these defenses pursuant to Rule 12(f). Plaintiff also asks the Court to sanction Defendants under 28 U.S.C. § 1927 for filing inappropriate and irrelevant affirmative defenses. Defendants have filed no opposition to Plaintiff's motion.

## II. Motion to Strike

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). What constitutes fair notice depends on the particular defense in question. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, at 410 (3d ed. 2004). While a defense need not include extensive factual allegations in order to give fair notice, *Security People, Inc.*, 2005 WL 645592, at *2, bare statements reciting mere legal conclusions may not be sufficient. *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. 2009). Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." 5C Wright & Miller § 1381, at 428; *accord William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015 (1986).

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. Pro. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim

for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)).  Impertinent matter does not pertain, and is not necessary, to the issues in question.  *Id.*

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party.  *Wyshak*, 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).

### B. Discussion of Affirmative Defenses

In their Answer, Defendants assert thirty-one affirmative defenses. The majority of these defenses appear to be boilerplate assertions, and Plaintiff urges that they all be dismissed as insufficiently pled, legally insufficient, immaterial, or not an affirmative defense.  The Court has reviewed each affirmative defense and reaches the following conclusions.

#### 1. Defenses insufficiently pled

The Court agrees with Plaintiff's claim that a number of the affirmative defenses are not pled with sufficient particularity to give Plaintiff fair notice of the basis for the asserted defense. First, some of the affirmative defenses do not give Plaintiff fair notice because further factual allegations are necessary to determine the basis for the defense.  These include the following affirmative defenses: (6) failure to join necessary parties; (7) unclean hands; (8) performance by Defendants of all duties owed by law to Plaintiff; the portion of affirmative defense (14) alleging insufficient service of process; (16) satisfaction of statutory obligations; (28) and (30) res judicata and collateral estoppel; and (29) superseding acts of third persons.  Defendants do not identify any party who must be joined, conduct by Plaintiff amounting to "unclean hands," duties owed and performed, deficiencies in service or process, statutory obligations allegedly satisfied, prior litigation having preclusive effect, or superseding acts of third persons.  Without this basic information, Plaintiff cannot ascertain the basis for these affirmative defenses.  *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (striking affirmative defenses that set forth only general allegations and failed to provide a factual basis for the defense); *CTF*

3

Case No.: 10-CV-00168-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

*Development, Inc.*, 2009 WL 3517617, at *7 ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands'"); *Security People, Inc.*, 2005 WL 645592, at *5 (striking affirmative defense that alleged failure to join necessary parties without identifying any party who must be joined).

A second group of affirmative defenses is insufficient because each amounts to the bare statement of a legal doctrine lacking any articulated connection to the claims in this case. This group includes the following affirmative defenses: (11) waiver; (24) abandonment and forfeiture doctrines; (25) estoppel doctrine; (26) innocent intent doctrine; and (27) abuse doctrine. In a representative example, Defendants' abandonment and forfeiture defense states only that "Defendants allege Plaintiff is barred recovery due to the provisions of the 'abandonment' and 'forefeiture' doctrines." Answer ¶ 62. As pled, these defenses fail to give Plaintiff notice of how these doctrines apply to this case or even what the "provisions" of these doctrines are. *See Qarbon.com Inc.*, 315 F.Supp.2d at 1049 ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").

Accordingly, the Court grants the motion to strike affirmative defenses (6), (7), (8), (11), (16), (24), (25), (26), (27), (28), (29), (30), and the portion of (14) alleging insufficient service of process as insufficiently pled. Plaintiff has not alleged any prejudice that will result from leave to amend. The Court therefore grants Defendants leave to amend the stricken defenses.

### 2. Defenses insufficient as a matter of law

The court also finds that a number of the affirmative defenses are insufficient as a matter of law. First, the portion of affirmative defense (14) that alleges lack of subject matter jurisdiction and improper venue, and affirmative defense (22), which alleges lack of supplemental jurisdiction over the state claims, are legally insufficient. This Court clearly has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims for violations of the federal Communications Act, 47 U.S.C. § 605, and the federal Cable and Television Consumer Protection and Competition Act, 47 U.S.C. § 553. Additionally, because Plaintiff's state law claims for conversion and violation of the UCL arise out of the same transaction and occurrence as Plaintiff's federal claims,

this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in San Jose, California, within the Northern District of California.

Defendants' statute of limitations defense, affirmative defense (10), is also insufficient as a matter of law.  The statute of limitations for violations of 47 U.S.C. §§ 605 and 553 is one year.  *DirecTV, Inc. v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008); *Kingvision Pay-Per-View, Ltd. v. Barron*, No. C 08-02413, 2009 WL 347263, at *2 (N.D. Cal. 2009).  The statute of limitations for conversion is three years, Cal. Code Civ. Pro. § 338(c); *AmerUS Life Ins. Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639, 49 Cal. Rptr. 3d 493 (Cal. Ct. App. 2006), and the statute of limitations for claims under the UCL is four years, Cal. Bus. & Profs. Code § 17208.  Less than one year elapsed between the violations allegedly committed on January 24, 2009, and the commencement of this action on January 13, 2010.  Therefore, Defendants cannot prevail on a statute of limitations defense.

Nor can Defendants prevail on their statutory exceptions defense (affirmative defense (17)).  Of the statutes at issue in Plaintiff's claims, only the federal Communications Act provides a statutory exception.  As Plaintiff points out, the statutory exception applies only to "private viewing."  47 U.S.C. § 605(b) ("The provisions of subsection (a) of this section shall not apply to the interception or receipt by any individual, or the assisting (including the manufacture or sale) of such interception or receipt, of any satellite cable programming for private viewing . . . .").  The Communications Act explicitly defines "private viewing" as viewing that takes place "in an individual's dwelling unit."  47 U.S.C. § 605(d)(4).  Plaintiff's claims pertain only to a viewing alleged to have occurred at Defendants' place of business, and Defendants have admitted that the location identified by Plaintiff is a commercial establishment known as Lighthouse Cafe & Restaurant.  Answer ¶ 9.  Defendants therefore cannot invoke the statutory exception.

Finally, Defendants allegation that Plaintiff lacks standing, affirmative defense (18), is legally insufficient as pled.  Plaintiff's Complaint alleges facts sufficient to establish that he is a person aggrieved with standing to sue under 47 U.S.C. § 605(e)(3)(A) and § 553(c)(1) based on his

5

Case No.: 10-CV-00168-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

ownership of distribution rights.  *See* 47 U.S.C. § 605(d)(6) ("the term 'any person aggrieved' shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming").  Plaintiff has also alleged the requisite injury in fact and loss of money to satisfy the standing requirements of the UCL, Cal. Bus. & Profs. Code § 17204.  Plaintiff's allegations that Defendants' actions caused him economic loss also suffice to meet the more general standing requirement of an "injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  *Allen v. Wright*, 468 U.S. 737, 751 (1984).  In their eighteenth affirmative defense, Defendants allege that they paid for the pay-per-view showing of the Program and that therefore any violation relating to the pay-per-view is a claim that belongs to DirecTV, not to Plaintiff.  Answer ¶ 56.  Whatever DirecTV's involvement may have been, it does not change the fact that if Defendants unlawfully broadcast the Program as Plaintiff alleges, Plaintiff suffered an injury in fact due to their actions.  Thus, the defense as pled is legally insufficient.

Accordingly, the Court grants the motion to strike affirmatives defenses (10), (17), (18), and (22), and that portion of (14) that challenges subject matter jurisdiction and venue, as legally insufficient.  Because Plaintiff has not alleged any prejudice that will result from leave to amend, the Court grants Defendants leave to amend.

### 3. Immaterial and impertinent defenses

Defendants also allege several affirmative defenses that bear no relation to the claims asserted in Plaintiff's Complaint and which must therefore be struck as immaterial or impertinent. These include the following affirmative defenses: (2) comparative negligence; (3) comparative negligence of third parties; (4) failure to mitigate damages; (9) statute of frauds; (21) lack of joint action with any other defendant that may be subsequently named in the action; (23) fair use doctrine.  Affirmative defenses (2), (3), (9), and (23) are applicable in actions involving negligence, contract, and copyright infringement, none of which are alleged here.  Mitigation of damages is likewise inapplicable to the types of claims asserted by Plaintiff, and Defendants' action in concert with some other defendant not yet named in this action is neither material nor

6

pertinent at this time. Accordingly, the Court grants the motion strike affirmative defenses (2), (3), (4), (9), (21), and (23) as immaterial and/or impertinent. Because Plaintiff has not alleged any prejudice that will result from leave to amend, the Court grants Defendants leave to amend.

### 4. Defenses that are not actually affirmative defenses

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)). In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *Solis v. Couturier*, No. 2:08-cv-02732, 2009 WL 2022343, at *3 (E.D. Cal. 2009). The following affirmative defenses are merely denials of the allegations and claims set forth in the Complaint: (1) failure to state a claim, (5) willful misconduct of persons other than Defendants; (15) lack of damages; and (20) lack of allegations entitling Plaintiff to punitive damages. The Court grants the motion to strike these defenses because they are not affirmative defenses. However, the Court's ruling does not preclude Defendants from asserting these claims as ordinary denials and defenses to liability.

Additionally, the allegation in affirmative defense (12) that the Complaint is vague, ambitious, uncertain, and unintelligible is not an affirmative defense; rather, any lack of clarity in the Complaint should have been addressed through a motion for a more definite statement under Rule 12(e). *Security People, Inc.*, 2005 WL 645592, at *4. Nor is the right to set off any judgment by amounts already received by plaintiff (affirmative defense (19)) or the reservation of right to amend (affirmative defense (31)) an affirmative defense. Moreover, to the extent that the reservation defense attempts to preserve rights already preserved by the Federal Rules, it is duplicative. *Solis*, 2009 WL 2022343, at *3. Thus, the Court grants the motion to strike affirmative defenses (1), (5), (12), (15), (19), (20), and (31) because they are not actually affirmative defenses. As Plaintiff has not alleged any prejudice that will result from leave to amend, the Court grants Defendants leave to amend.

#### 5. Remaining affirmative defenses

Finally, the Court concludes that it cannot strike Defendant's thirteenth affirmative defense, which alleges the unconstitutionality of federal statutes as applied to Defendants. First, the Court disagrees with Plaintiff's allegations that the thirteenth defense of unconstitutionality is insufficiently pled. Defendants clearly allege that the federal statutes cannot constitutionally be applied to them because they are not engaged in interstate commerce. Answer ¶ 51. Whether Defendants are engaged in interstate commerce is a factual matter that the Court cannot resolve based upon the pleadings before it, and Plaintiff cites no authority suggesting otherwise. Therefore, the Court cannot find that the defense is legally insufficient on its face. *Security People, Inc.*, 2005 WL 645592, at *3, *5 (noting that affirmative defenses should only be stricken when facially insufficient and declining to strike constitutional claims where Plaintiff cited no authority demonstrating legal insufficiency). Nonetheless, the Court agrees with Plaintiff that such a constitutional challenge could be time-consuming and appears unlikely to be successful. Accordingly, if Defendants do not intend to pursue this defense, they are directed not to include it in any amended Answer.

### III. Request for Sanctions

Plaintiff also argues that the Court should sanction Defendants pursuant to 28 U.S.C. § 1927. If Plaintiff wishes to move for sanctions, Plaintiff may do so in compliance with the Local Rules, which require all motions for sanctions to be filed separately and set for hearing. Civ. L. R. 7-8. The Court declines to impose sanctions based on Plaintiff's one-paragraph request, Pl.'s Mot. to Strike 19, at this time.

### IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion to strike in part and denies it in part. The motion to strike is denied as to Defendants' thirteenth affirmative defense, and granted as to all other affirmative defenses. The Court grants Defendants leave to amend to cure the deficiencies identified herein. Any amended Answer must be filed within 30 days of this Order.

**IT IS SO ORDERED.**

8

Case No.: 10-CV-00168-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

Dated: September 23, 2010

_____
LUCY H. KOH
United States District Judge

9
Case No.: 10-CV-00168-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE